IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| **RICHARD DAVID PETERSON,** § § | |
| § | |
| **Plaintiff,** § | **CIVIL ACTION NO. 6:23-CV-00341-JDK** |
| § | |
| v. § | |
| § | |
| **GREGG COUNTY SHERIFF OFFICE,** § | |
| § | |
| **Defendant.** § | |

**REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

On July 10, 2023, Plaintiff Richard Peterson, an inmate confined at the Gregg County Jail, proceeding pro se and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983. This case was referred to the undersigned for findings of fact, conclusions of law, and recommendations for the disposition of the action. (Doc. No. 3.)

Under 28 U.S.C. § 1915A, a court shall review, before docketing if feasible or in any event as soon as practicable after docketing, any complaint in a civil action wherein a prisoner seeks redress from a governmental entity or officer, or employee of a governmental entity. During its review, the court must identify cognizable claims or dismiss the complaint or any portion thereof if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b)(1). Section 1915A applies regardless of whether the plaintiff has paid a filing fee or is proceeding IFP. *See Martin v. Scott*, 156 F.3d 578, 579 (5th Cir. 1998) ("The plain language of [§ 1915A] . . . indicates that it applies to any suit by a prisoner regardless of whether that prisoner is or is not proceeding IFP.").

A complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts which, taken as true, state a claim which is plausible on its face and thus does not raise a right to relief above the speculative level. *See Montoya v. FedEx Ground Packaging Sys. Inc.*, 614 F.3d 145, 149 (5th Cir. 2010) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim has factual plausibility when the pleaded factual content allows the court to draw reasonable inferences that the defendant is liable for the misconduct alleged. *See Hershey v. Energy Transfer Partners, L.P.*, 610 F.3d 239, 245 (5th Cir. 2010); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This plausibility standard is not akin to a probability standard; rather, the plausibility standard requires *more than the mere possibility* that the defendant has acted unlawfully. *Twombly*, 550 U.S. at 556 (emphasis supplied).

All well-pleaded facts are taken as true, but the district court need not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions. *See Whatley v. Coffin*, 496 F. App'x 414 (5th Cir. 2012) (unpublished) (citing *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Crucially, while the federal pleading rules do not require "detailed factual allegations," the rule does "demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading offering "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement. *Id.*

### A. Plaintiff's Complaints

In his original complaint, Plaintiff alleged that the jail had no law library "to fight [his] case," but he failed to provide specific facts material to that claim, such as what case he intended to "fight," when and how he had sought legal materials, and how the presumed failure to provide those materials had impacted the case in question. Plaintiff alleged that he had been "beat up" and

taken to the hospital, but he failed to establish any connection between those facts and his asserted claim about the law library, nor did he provide any specific facts about who beat him or whether he received constitutionally sufficient treatment for any injuries sustained. As a result, the court issued an order to amend calling out these deficiencies and providing him an opportunity to address them via amended complaint. (Doc. No. 4.) The court further informed Plaintiff that his complaint improperly joined unrelated claims in a single case and ordered him to amend his pleadings to address the deficiencies and elect which of his unrelated claims he intends to pursue. *Id.* at 4.

On July 27, 2023, the court received two amended complaints from Plaintiff in response to the court's order. (Doc. Nos. 7, 8.) In Docket No. 7, Plaintiff sues the Gregg County Sheriff's Office for general complaints of opening of his legal mail, having health care providers without current medical licenses, and health violations. (Doc. No. 7.) In Docket No. 8, Plaintiff also sues the Gregg County Sheriff's Office, but complains of what was originally filed in this lawsuit—that he has been badly beaten up in the Gregg County Jail and it has resulted in a broken eye socket and mental health stress. (Doc. No. 8.)

a. **Plaintiff's Failure to Protect Claims**

Construing the allegations liberally, Plaintiff's claim that he was beat up by four other inmates while incarcerated at the Gregg County Jail is a failure to protect claim. The Supreme Court has explained that:

> [A] prison official cannot be held liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. …
>
> But an official's failure to alleviate a significant risk which he should have perceived, but

did not, while no cause for commendation, cannot under our cases be condemned as the infliction

of punishment. *Farmer v. Brennan,* 511 U.S. 825, 837–38 (1994); *see Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994). Thus, to state a constitutional claim for failure to protect, a plaintiff must show: (1) that he was subjected to conditions posing a substantial risk of serious harm; and (2) prison officials were deliberately indifferent to his need for protection. *Id.*; *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995). Deliberate indifference "is an extremely high standard to meet." *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). Crucially, in order to show that prison officials were deliberately indifferent to a prisoner's need for protection, the prisoner must prove "that the official *actually knew* of a substantial risk of serious harm and *failed to act*." *Adeleke v. Heaton*, 352 F. App'x 904, 907 (5th Cir. 2009) (per curiam) (unpublished) (emphasis added). Moreover, "mere negligence in failing to protect a prisoner from assault does not establish a constitutional violation." *See Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990). In the failure to protect context, the subjective knowledge of harm prong may be met when an inmate informs a correctional officer about a specific fear of assault and is then assaulted. *See B. Braxton/Obed-Edom v. City of New York*, 368 F.Supp.3d 729, 738 (S.D.N.Y. 2019) (citing *Francis v. City of New York*, 2018 WL 4659478, at *4 (S.D.N.Y. Aug. 21, 2018).

Here, Plaintiff's allegations are woefully deficient. Plaintiff fails to identify anyone at the Gregg County Jail who was involved in his alleged assault, let alone anyone who was deliberately indifferent such that Plaintiff's alleged assault resulted. Moreover, although Plaintiff alleges that he had to be seen by the doctor for a broken eye socket, he does allege any facts regarding whether he received constitutionally sufficient treatment for those injuries. As such, Plaintiff has failed to allege a factual basis for which the Gregg County Sheriff's Office could be sued pursuant to § 1983 and has failed to meet the requirements of Rule 8. *See Douthit v. Jones*, 619 F.2d 527, 532 (5th Cir. 1980) ("[t]o establish a cause of action under § 1983, [] a party must [] show that the

defendant, while acting under color of law, deprived him of a right secured by the Constitution and laws of the United States") (internal quotations omitted); *see Twombly*, 550 U.S at 545 (interpreting Rule 8); *see also Iqbal*, 556 U.S. at 684–85 (applying *Twombly* generally to civil actions pleaded under Rule 8). Because Plaintiff has failed to state a claim upon which relief can be granted, his failure to protect claims should be dismissed with prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

### b. Law Library Claim

Plaintiff additionally continues to assert his unrelated law library claim, stating that he is without a law library to fight his case and it is against his "prisoner civil rights." (Doc. No. 8, at 7.) "It has long been recognized that prisoners enjoy the constitutional right of access to the courts." *Wells v. Thaler*, 460 F. App'x 303, 308 (5th Cir. 2012); *see Bounds v. Smith,* 430 U.S. 817, 821–22 (1977). This right is not unlimited, however, as the Supreme Court has held that the right of access to the courts does not encompass "an abstract freestanding right to a law library of legal assistance" in prison. *Lewis v. Casey,* 518 U.S. 343, 351 (1996). The right can be met in other ways, including by the provision of counsel. *See Degrate v. Godwin*, 84 F.3d 768 (5th Cir. 1996).

The Fifth Circuit has held that "a criminal defendant's right of access to the courts is not infringed if he is represented by counsel." *Haley v. Natchitoches Par. Det. Ctr.,* 602 F. App'x 1008, 1009 (5th Cir. 2015); *see Tarter v. Hury,* 646 F.2d 1010, 1014 (5th Cir. 1981); *see also Dickinson v. TX, Fort Bend Cty.,* 325 F. App'x 389, 390 (5th Cir. 2009) ("Because Dickinson had court appointed counsel to represent him, he did not have a constitutional right of access to a law library to prepare his criminal defense."); *Ford v. Foti,* No. 94–30614, 1995 WL 241811, at *3 (5th Cir. Apr. 14, 1995) ("A criminal defendant who is represented by counsel has meaningful access to the courts vis-a-vis the criminal action pending against him."); *Childs v. Scott,* No. 94–60723, 1995

WL 153057, at *1 (5th Cir. Mar. 22, 1995) ("If a criminal defendant is represented by counsel, he has constitutionally sufficient access to the courts.")

Plaintiff states in his complaint that he is represented by counsel, Rick Hagan. (Doc. No. 8, at 8.) Because he is represented by counsel, Plaintiff has constitutionally sufficient access to the courts. Plaintiff contends that he wants a paid lawyer, not a court appointed lawyer, but the right at issue does not extend that far. *See, e.g., Caraballo v. Federal Bureau of Prisons,* 124 F. App'x 284, 285 (5th Cir. 2005) (inmate who was represented by court-appointed counsel had no constitutional right of access to a law library in preparing his defense). Because Plaintiff is represented by counsel, his allegations do not state a claim that his right of access to the courts was violated. As such, these claims should be dismissed with prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

### c. Plaintiff's Conditions of Confinement Claims

Plaintiff additionally complains of a litany of issues regarding his conditions of confinement—that there are health violations of black mold, that medical providers have expired licenses, that the jail is understaffed, and that his legal mail has been opened. (Doc. No. 7.) These newly asserted claims —all of which pertain to Plaintiff's current conditions of confinement at the Gregg County Jail—do not relate to this case or to the issue of whether Defendant acted with deliberate indifference as to their alleged failure to protect Plaintiff from an assault. As such, these claims must be brought as a separate §1983 action.

Rule 21 provides in relevant part that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21. "Rule 21 explicitly provides that '*[a]ny* claim againsta a party may be severed and proceeded with separately.'" *United States v. O'Neil*, 709 F.2d 361, 369 (5th Cir. 1983) (emphasis

original). "Rule 21 is an appropriate vehicle to sever or dismiss the claims of even properly joined parties." *Blum v. Gen. Elec. Co.*, 547 F. Supp.2d 717, 722 (W.D. Tex. 2008).

By severing claims under Rule 21, a district court creates two separate actions by which severed claims may proceed as discrete, independent actions. *Allied Elevator, Inc. v. E. Tex. State Bank*, 965 F.2d 34, 36 (5th Cir. 1992). Severance is especially appropriate if trying claims together would confuse the jury due to legal and factual differences. *Henderson v. AT & T Corp.*, 918 F. Supp. 1059, 1063 (S.D. Tex. 1996); *see also, Moorhouse v. Boeing Co.*, 501 F. Supp. 390, 392 (E.D. Pa.), *aff'd*, 639 F.2d 774 (3d Cir. 1980). Ultimately, district courts have broad discretion to sever claims under Rule 21. *Brunet v. United Gas Pipeline Co.*, 15 F.3d 500, 505 (5th Cir. 1994).

The court may consider the following factors when deciding whether claims should be severed pursuant to Rule 21: (1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common questions of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for separate claims. *Aspen Tech. Inc. v. Kunt*, No. 4:10cv1127, 2011 Wl 86556, *2 (S.D. Tex. Jan. 10, 2011) (citing *Amie v. City of Jennings, La.*, No. 2:03cv2011, 2005 WL 3007009, *2 (W.D. La. Nov. 8, 2005)) (citing *Morris v. Northrop Grumman Corp.*, 37 F.Supp.2d 556, 580 (E.D. N.Y. 1999)); *see also, Shifferaw v. Emson USA*, No. 2:09cv54, 2010 WL 1064380, *1 (E.D. Tex. Mar.18, 2010).

Here, Plaintiff's claims do not arise out of the same transaction or occurrence, and they do not present any common questions of law or fact. On the one hand, Plaintiff is suing the Gregg County Sheriff's Office for the alleged failure to protect related to his being assaulted, and on the other hand, he has made general complaints about the conditions of confinement at the Gregg

County Jail. Although both cases are directed at alleged grievances against the Gregg County Sheriff's Office, they would most certainly involve different witnesses and evidence. Accordingly, to the extent Plaintiff intends to pursue both sets of claims, he should have brought them in separate lawsuits. The court finds that the creation of two separate lawsuits is appropriate in this case based on the distinct, unrelated claims asserted.

Accordingly, it is **ORDERED** that all claims concerning Plaintiff's conditions of confinement in the Gregg County Jail (Doc. No. 7), shall be **SEVERED** from this case. The Clerk of the Court shall file Docket No. 7 as a new complaint and **ISSUE** a separate cause number for the claims therein. The claims are deemed filed as of the date they were filed in this case. The Clerk shall furnish Plaintiff with a copy of the docket of the new lawsuit with this order. No motions for appointment of counsel or discovery may be filed in either case until the court has completed its screening of Plaintiff's lawsuits pursuant to 28 U.S.C. § 1915.

## CONCLUSION

Having conducted screening pursuant to § 1915A, the court finds that this action should be dismissed pursuant to 28 U.S.C. § 1915A(b)(1). As Plaintiff has already been given an opportunity to amend and has pleaded his "best case," any further amendment would be futile. *See Norman v. Tex. Court of Criminal Appeals*, 582 F. App'x 430, 431 (Mem) (5th Cir. 2014) (unpublished); *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). The dismissal of this action counts as a qualifying dismissal under 28 U.S.C. § 1915 and *Adepegba v. Hammons*, 103 F.3d 383 (5th Cir. 1996) *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532, 534–41 (2015).

Accordingly, it is **RECOMMENDED** that this case be dismissed with prejudice pursuant to 28 U.S.C. § 1915A(b)(1). Plaintiff's additional amended complaint, Docket No. 7, which

contains Plaintiff's allegations regarding conditions of confinement, shall be **SEVERED** from this case and docketed as a new civil action as set forth herein.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report. A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**So ORDERED and SIGNED this 11th day of August, 2023.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE