IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| RICHARD DAVID PETERSON, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 6:23-cv-341-JDK-JDL |
| GREGG COUNTY SHERIFF OFFICE, | § § § | |
| Defendant. | § § § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Richard Peterson, proceeding pro se, brings this civil rights lawsuit under 42 U.S.C. § 1983. The case was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636.

On August 11, 2023, Judge Love issued a Report and Recommendation recommending that the Court dismiss this case with prejudice pursuant to 28 U.S.C. § 19115A(b)(1) for failure to state a claim upon which relief can be granted. Docket No. 9. Plaintiff objected. Docket No. 13.

Where a party timely objects to the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded on other*

*grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

In his objections, Plaintiff reiterates his contention that he is being beaten up in the Gregg County Jail because certain correctional officers have told other inmates about his charge. Docket No. 13. Although Plaintiff now identifies "C/O Mason" as the person who has allegedly told people about his charge in the jail, he fails to allege facts amounting to a constitutional violation. Specifically, Plaintiff has not alleged that "C/O Mason" actually knew of a substantial risk of serious harm to Plaintiff and failed to act. *See Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990). Further, Plaintiff has not named "C/O Mason" as a Defendant in this matter, asserting only allegations against the Gregg County Sheriff's Office, and the doctrine of respondeat superior does not apply to § 1983 claims. *Williams v. Luna*, 909 F.2d 121, 123 (5th Cir. 1990). Moreover, Plaintiff's loose allegations regarding medical treatment he has received since being incarcerated fail to allege any facts regarding whether he received constitutionally sufficient treatment for those injuries.

Plaintiff also complains about his access to the law library and inability to fight his criminal case. Docket No. 13. As discussed in the Report and Recommendation, Plaintiff has alleged that he has a lawyer, Rick Hagan, and thus he has constitutionally sufficient access to the courts. Plaintiff continues to assert that he wants a paid lawyer, not a court appointed lawyer, but the right at issue does not extend that far. *See, e.g., Caraballo v. Federal Bureau of Prisons*, 124 F. App'x 284, 285 (5th Cir. 2005) (inmate who was represented by court-appointed counsel had no

constitutional right of access to a law library in preparing his defense). As such, the Court agrees that Plaintiff has failed to state a claim and that this action should be dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

In addition to his objections, Plaintiff has filed a third amended complaint in this case. Docket No. 14. The allegations therein contain general complaints about his conditions of confinement. The Court already discussed how these allegations were not properly presented in this case. Docket No 9 at 6–8. Indeed, Plaintiff failed to comply with a Court order that ordered him to amend and address the issue of misjoinder of his claims. Docket No. 4. In response, Plaintiff instead filed three wholly noncompliant amended complaints addressing a variety of unrelated claims. Docket Nos. 7, 8, 14. For this reason, the Court severed his conditions of confinement claims from this action as they were not properly presented in compliance with the Court's order. Docket No. 9. The Court has additional concerns regarding the sufficiency of those claims, but has allowed Plaintiff an opportunity to amend those claims in the severed action. *See* Case No. 6:23-cv-417, Docket No. 3. The filing of the additional amended complaint in this matter only demonstrates the futility of further amendment. *See Norman v. Tex. Ct. of Crim. Appeals*, 582 F. App'x 430, 431 (5th Cir. 2014) (unpublished); *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). Therefore, as pleaded, the entirety of this case is dismissed with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1).

Having conducted a de novo review of the record in this case and the Magistrate Judge's Report, the Court has determined that the Report of the

Magistrate Judge is correct, and Plaintiff's objections are without merit. Accordingly, the Court hereby **ADOPTS** the Report of the Magistrate Judge (Docket No. 9) as the opinion of the District Court. Plaintiff's claims are **DISMISSED** with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1).

So **ORDERED** and **SIGNED** this **7th** day of **September, 2023.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE